**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ERIC ROSE,

　　　　　　　Appellant,

　　　　　v.

DEPARTMENT OF DEFENSE,

　　　　　　　Agency.

DOCKET NUMBER
AT-0752-12-0063-B-2

DATE: August 10, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Neil C. Bonney, Esquire, Virginia Beach, Virginia, for the appellant.

Stacey Turner Stokes, Esquire, Fort Lee, Virginia, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1　　　The agency has filed a petition for review and the appellant has filed a cross petition for review of the remand initial decision, which reversed the appellant's removal on due process grounds. Generally, we grant petitions such as these only when: the remand initial decision contains erroneous findings of material fact; the remand initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the remand initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that neither party has established any basis under section 1201.115 for granting the petition or cross petition for review. Therefore, we DENY the petition for review and the cross petition for review and AFFIRM the remand initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        The facts of this case are set forth more fully in the Board's Remand Order. *Rose v. Department of Defense*, MSPB Docket No. AT-0752-12-0063-B-1, Remand Order (Sept. 17, 2014) (Remand Order). Briefly, the appellant was a WG-04 Store Worker for the agency, stationed at a Department of the Navy (Navy) installation. The Store Director falsely reported to the Naval Military Police that the appellant threatened to use a gun to "take care of" management. *Id.*, ¶¶ 8, 12, 22. Naval Military Police arrested the appellant at work and issued him two criminal tickets—one for making this supposed threat and one for carrying a small fixed-blade knife that he used as a tool for his job and that was available for sale in the store in which he worked.[2] *Id.*, ¶¶ 2, 9, 11. Based on this information, the Navy barred the appellant from entering the base. *Id.*, ¶¶ 2, 9. Because of the barment, the appellant could not report for duty, and the agency began to carry him in an extended absent without leave (AWOL) status, eventually removing him on a charge of AWOL. *Id.*, ¶¶ 3-4.

_____

[2] The Assistant United States Attorney declined to prosecute, and the criminal charges were dropped. *Id.*, ¶ 10.

¶3　　　　The appellant filed a Board appeal, which culminated in the Remand Order. The order directed the administrative judge to determine whether the agency had denied the appellant due process under the standard set forth in *Buelna v. Department of Homeland Security*, 121 M.S.P.R. 262, ¶¶ 27-28 (2014).[3]　Remand Order, ¶ 26.　On remand, the administrative judge issued an initial decision reversing the removal on due process grounds.　*Rose v. Department of Defense*, MSPB Docket No. AT-0752-12-0063-B-2, Remand Appeal File (B-2 RAF), Tab 7, Remand Initial Decision (RID).

¶4　　　　The agency has filed a petition for review, Petition for Review (PFR) File, Tab 1, and the appellant has filed an opposition in response and a cross petition for review, PFR File, Tab 2.　The agency has filed a reply to the appellant's response, as well as a response to the cross petition for review.　PFR File, Tabs 3, 5.

The agency's petition for review is denied.

> *The agency fails to provide a basis for disturbing the administrative judge's finding that it denied the appellant constitutional due process.*

¶5　　　　To the extent there may exist viable alternatives to removal, due process requires that an employee be afforded an opportunity to invoke the discretion of a deciding official with authority to select such alternatives.　*Buelna*, 121 M.S.P.R. 262, ¶ 28.　However, due process does not demand that the deciding official consider alternatives that are prohibited, impracticable, or outside management's purview.　*Id*., ¶ 27.

¶6　　　　Here, the administrative judge credited the deciding official's testimony that he had no discretion in the removal decision based explicitly on his observation of the deciding official's demeanor at the hearing.　RID at 4-5; Hearing Transcript at 84-85.　The Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the

---

[3] The Board decided the remainder of the issues in the agency's favor.　Remand Order, ¶¶ 15-25.

observation of the demeanor of witnesses testifying at a hearing, and it may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). The agency has not presented a sufficiently sound reason for us to do so here. It cites to other portions of the deciding official's hearing and deposition testimony, which tend to show that the deciding official wanted to remove the appellant, but which do not directly pertain to the issue of whether the deciding official believed that he had the authority to select an alternative to removal. PFR File, Tab 1 at 18-19, 21. The agency also cites to its answers to interrogatories in which it asserted, among other things, that the deciding official "checked and determined that there was no requirement" to reassign the appellant or to assist him with resolving his barment, and that the deciding official further determined that reassignment would not promote the efficiency of the service. PFR File, Tab 1 at 21; B-2 RAF, Tab 4 at 16. We agree with the agency that this answer suggests that the deciding official believed that he was authorized to select an alternative to removal and that he did, in fact, exercise his discretion in arriving at the removal decision. Nevertheless, we find that the agency's written answers to interrogatories are not of sufficient weight to overturn the administrative judge's demeanor-based finding from the deciding official's firsthand in-person testimony. RID at 4-5; *see Social Security Administration v. Whittlesey*, 59 M.S.P.R. 684, 692 (1993) (live testimony is more probative than an out-of-court statement), *aff'd*, 39 F.3d 1197 (Fed. Cir. 1994).

¶7        For these reasons, we agree with the administrative judge that the deciding official did not believe that he had the authority to reach any outcome other than removal. Moreover, we find that there was at least one viable alternative for the deciding official to consider other than removal—namely, the placement of the

5

appellant on administrative leave pending the outcome of criminal proceedings.[4] *See Buelna*, 121 M.S.P.R. 262, ¶ 28 (indicating that placement on administrative leave might, in appropriate circumstances, be a viable alternative); *cf. Brown v. Department of Defense*, 121 M.S.P.R. 584, ¶¶ 15-16 (2014) (finding that the appellant failed to establish a due process violation in the absence of a showing that there were viable alternatives to his removal).

¶8      The agency argues that it did not prevent the appellant from "asking" that the decision be held in abeyance. PFR File, Tab 3 at 22. However, due process entails not the right to request a particular alternative, but rather the right to appeal to someone with the proper amount of authority. *See Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 544-45 (1985) (discussing the right of a tenured employee to have a meaningful opportunity to invoke the discretion of a decisionmaker before his removal takes effect, and indicating that "where the employer perceives a significant hazard in keeping the employee on the job [during the response period], it can avoid the problem by suspending with pay").

¶9      The agency further argues that, in concluding that it denied the appellant due process, the administrative judge considered only selective portions of the relevant evidence. PFR File, Tab 1 at 17-21. We disagree. An administrative judge's failure to mention all of the evidence of record does not mean that he did not consider it in reaching his decision. *Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table). Based on the foregoing, we agree with the administrative judge that the deciding official believed that he lacked discretion to select any alternative to removal, that there was in fact a viable alternative for him to

---

[4] While the agency notes that the barment is still in place 3½ years later, PFR File, Tab 1 at 23, we find this fact immaterial to the due process issue. Neither the agency nor the appellant knew at the time of the removal how long the barment would remain in place, and it does not matter that delaying the decision might not have changed the ultimate outcome. *See Solis v. Department of Justice*, 117 M.S.P.R. 458, ¶ 8 (2012) (a due process violation is not subject to the harmful error test).

consider, that the removal process was an empty formality, and that the agency violated the appellant's due process rights.[5]  RID at 5-6.

¶10    Finally, the agency argues that the Board's decision intrudes upon the authority of military commanders to bar individuals from their areas of command and unfairly saddles the agency with the financial consequences of a barment order over which it has no control.  PFR File, Tab 1 at 28.  We disagree.  We recognize military commanders' broad authority to exclude civilians from their areas of control, *see Cafeteria & Restaurant Workers Union, Local 473, AFL-CIO v. McElroy*, 367 U.S. 886, 893-94 (1961), and nothing in this Final Order, our Remand Order, or the remand initial decision purports that such authority is subject to Board review.  As for the financial and administrative burdens the agency claims that the Board has unfairly placed upon it, we find that this was a matter entirely within the agency's control.  The agency could have avoided this problem by assigning a deciding official who was able to exercise discretion.

*The agency's remaining arguments do not provide a basis for review.*

¶11    The agency argues on review that the administrative judge failed to follow proper procedures and failed to consider all of the record evidence in rendering his decision.  PFR File, Tab 1 at 4-5, 16-20.  Specifically, the agency argues that the administrative judge failed to admit into evidence some answers to interrogatories that it submitted on remand.  *Id*., at 15, 17; B-2 RAF, Tab 4 at 13-24, Tab 6.  There are no formalized proceedings for admitting documentary evidence outside the context of a hearing, and it generally can be assumed that any documentary evidence not specifically excluded is admitted as part of the

---

[5] The agency also disagrees with the administrative judge's finding that reassignment may have been a viable alternative to removal.  PFR File, Tab 1 at 24-27; RID at 6.  We need not consider this argument in light of our finding that postponement of the decision was a viable alternative that the deciding official could have considered.

record.[6]   Because the administrative judge did not specifically exclude this evidence, we find that it was part of the record before him.

¶12        The agency also appears to argue that the administrative judge failed to give it an opportunity to request a hearing.  PFR File, Tab 1 at 14, 17.  The administrative judge committed no error in this regard.  The right to a hearing belongs to the appellant.  *See Callahan v. Department of the Navy*, 748 F.2d 1556, 1558-59 (Fed. Cir. 1984) (discussing that a hearing is for the benefit of the employee); *Johnson v. Department of the Interior*, 87 M.S.P.R. 359, ¶ 17 (2000) (finding that an agency has no right to request a hearing before the Board).  An evidentiary hearing was previously held in August 2013, regarding the issues in this appeal.  *See Rose v. Department of Defense*, MSPB Docket No. AT-0752-12-0063-B-1, Remand Appeal File (B-1 RAF), Hearing Transcript.  After the Board issued the Remand Order, the administrative judge advised the appellant that he could request an additional evidentiary hearing, and the appellant responded that he did not believe one was necessary.  B-2 RAF, Tab 2 at 3, Tab 3 at 38.

The appellant's cross petition for review is denied.

¶13        On cross petition for review, the appellant argues that he proved that the removal was in reprisal for his whistleblower and equal employment opportunity activity, and that the agency failed to establish nexus between the charge and the efficiency of the service.  PFR File, Tab 2 at 20-29.  We do not consider the appellant's whistleblower claim because he did not identify such a claim for adjudication below or in his prior petition for review.  B-1 RAF, Tab 18 at 1-9, Tabs 19, 21, 24, 27; *Rose v. Department of Defense*, MSPB Docket No. AT-0752-12-0063-B-1, Petition for Review File, Tab 1.  Nor do we consider the appellant's arguments about nexus and reprisal for equal employment opportunity activity because they are barred by the law of the case doctrine, under which a tribunal

---

[6]  If the agency were required to move for admission of its answers to the interrogatories, its motion would have been properly denied as untimely.  *See* B-2 RAF, Tab 2 at 1, 3, Tab 6.

generally will not reconsider issues that already have been decided in an appeal. *See O'Connell v. Department of the Navy*, [73 M.S.P.R. 235](), 240 (1997). For the reasons explained in the Remand Order, we have found that the agency established nexus between the charge and the efficiency of the service, and that the appellant has not proven his retaliation affirmative defenses. Remand Order, ¶¶ 14, 18-25.

¶14 For the same reason, we decline to consider the agency's "objection" to a portion of the Board's Remand Order, raised in its response to the cross petition for review. PFR File, Tab 5 at 12-14. The appellant has filed a motion for leave to file an additional pleading to object to the agency's "objection." PFR file, Tab 7. The appellant's motion is DENIED as moot.

## ORDER

¶15 We ORDER the agency to cancel the removal and to restore the appellant effective October 21, 2011. *See Kerr v. National Endowment for the Arts*, [726 F.2d 730]() (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

¶16 We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Back Pay Act and/or Postal Service Regulations, as appropriate, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶17 We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it

took to carry out the Board's Order.  The appellant, if not notified, should ask the agency about its progress.  *See* 5 C.F.R. § 1201.181(b).

¶18    No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order.  The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency.  5 C.F.R. § 1201.182(a).

¶19    For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached.  The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You must file your attorney fees motion with the office that issued the initial decision on your appeal.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS[7]**

You have the right to request further review of this final decision. There are several options for further review set forth in the paragraphs below. You may choose only one of these options, and once you elect to pursue one of the avenues of review set forth below, you may be precluded from pursuing any other avenue of review.

Discrimination Claims: Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no

---

[7] The administrative judge failed to inform the appellant of his mixed-case right to appeal from the initial decision on his discrimination claims to the Equal Employment Opportunity Commission and/or the United States District Court. This was error, but it does not constitute reversible error, because we notify the appellant of his mixed-case appeal rights in this Final Order. *See Grimes v. U.S. Postal Service*, 39 M.S.P.R. 183, 186-87 (1988).

later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Other Claims:  Judicial Review

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices described in 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction to review this final decision. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in

Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for your appeal to the Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                              _____
                                           William D. Spencer
                                           Clerk of the Board

Washington, D.C.

|  | **DFAS CHECKLIST**<br><br>**INFORMATION REQUIRED BY DFAS IN ORDER TO PROCESS PAYMENTS AGREED UPON IN SETTLEMENT CASES OR AS ORDERED BY THE MERIT SYSTEMS PROTECTION BOARD** |
|---|---|

## CIVILIAN PERSONNEL OFFICE MUST NOTIFY CIVILIAN PAYROLL OFFICE VIA COMMAND LETTER WITH THE FOLLOWING:

1. Statement if Unemployment Benefits are to be deducted, with dollar amount, address and POC to send.

2. Statement that employee was counseled concerning Health Benefits and TSP and the election forms if necessary.

3. Statement concerning entitlement to overtime, night differential, shift premium, Sunday Premium, etc, with number of hours and dates for each entitlement.

4. If Back Pay Settlement was prior to conversion to DCPS (Defense Civilian Pay System), a statement certifying any lump sum payment with number of hours and amount paid and/or any severance pay that was paid with dollar amount.

5. Statement if interest is payable with beginning date of accrual.

6. Corrected Time and Attendance if applicable.

## ATTACHMENTS TO THE LETTER SHOULD BE AS FOLLOWS:

1. Copy of Settlement Agreement and/or the MSPB Order.

2. Corrected or cancelled SF 50's.

3. Election forms for Health Benefits and/or TSP if applicable.

4. Statement certified to be accurate by the employee which includes:

    a. Outside earnings with copies of W2's or statement from employer.
    b. Statement that employee was ready, willing and able to work during the period.
    c. Statement of erroneous payments employee received such as; lump sum leave, severance pay, VERA/VSIP, retirement annuity payments (if applicable) and if employee withdrew Retirement Funds.

5. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts.

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

   a.  Employee name and social security number.
   b.  Detailed explanation of request.
   c.  Valid agency accounting.
   d.  Authorized signature (Table 63)
   e.  If interest is to be included.
   f.  Check mailing address.
   g.  Indicate if case is prior to conversion.  Computations must be attached.
   h.  Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected. (if applicable)

Attachments to AD-343

1.  Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement. (if applicable)

2.  Copies of SF-50's (Personnel Actions) or list of salary adjustments/changes and amounts.

3.  Outside earnings documentation statement from agency.

4.  If employee received retirement annuity or unemployment, provide amount and address to return monies.

5.  Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)

6.  If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.

7.  If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases: (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

   a.  Must provide same data as in 2, a-g above.
   b.  Prior to conversion computation must be provided.
   c.  Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.